NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEXTER DEHAARTE, | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | |
| v. | **OPINION** |
| THE CITY OF NEWARK, THE FIRE DEPARTMENT OF THE CITY OF NEWARK, DETECTIVE RAMON IRIZARRY and DETECTIVE CALVIN HUNT, | Civil Action No. 04-CV-21(DMC) |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendants City of Newark, Fire Department of the City of Newark, Detective Irizarry and Detective Hunt for summary judgment against Plaintiff Dehaarte ("Plaintiff"). For the following reasons, Defendants' motion for summary judgment is **granted** in part and **denied** in part.

**I. BACKGROUND**

On January 5, 2004, Plaintiff filed a Complaint against Defendants City of Newark, Fire Department of City of Newark, Detective Irizarry and Detective Hunt ("Defendants") seeking compensatory and punitive damages for alleged false arrest, false imprisonment, malicious prosecution and deprivation of his civil rights pursuant to 42 U.S.C. § 1983. On August 19,

1

2005, Defendants filed a motion for summary judgment.  Plaintiff submitted Opposition and Defendants filed a reply brief.  Plaintiff made a request to file a sur-reply on November 28, 2005.

The instant action arises from the circumstances surrounding the arrest of Plaintiff on January 4, 2002.  (See Certification of Alice T. Mireles, Esq. ("Mireles Cert."), Ex. N, R.)  On December 20, 2001, Plaintiff's 1996 Lexus GS 300 was found by the Newark Police burning at 60 Crawford Street in Newark.  (See Mireles Cert., Exs. E, F, R).  Detective Irizarry, the reporting officer for the Newark Arson Squad, classified the fire as a purposely set arson fire. (Mireles Cert.,  Ex. D).  On December 20, 2001, Plaintiff called the Miramar County Police Department in Florida from New York and reported his car stolen.  According to Plaintiff, he had left his vehicle parked in the driveway of his home in Hollywood, Florida on November 27, 2001, when he left to visit a family member in New York.  (See Mireles Cert, Ex. K.)  Plaintiff stated that he received a call from someone at that residence on December 20, 2001, informing him the car was no longer in the driveway.  On January 4, 2002, Plaintiff traveled to Newark arson unit to obtain an arson release form, and met with Detective Irizarry.  Detective Irizarry filed a continuation report on January 4, 2002, wherein he stated that upon Plaintiff's response to the office for a vehicle release he was given his Miranda Rights verbally and questioned at length about his vehicle.  (See Mireles Cert., Ex. L).  Detective Irizarry also reported that Plaintiff stated that there was only one key to the vehicle and he had it in his possession at all times.  Further, Detective Irizarry noted the vehicle was reported stolen in Florida and recovered in Newark that same day.  At the conclusion of his report, Detective Irizarry stated that he "as per protocol notified Assistant Prosecutor Brian Kapalin and fax[sic] over our file for his review at which time he called [Detective Irizarry] and advised [him] to charge [Plaintiff] with Agg. Arson and

2


Attempted Theft by Deception." (See Mireles Cert., Ex. L). Detective Irizarry prepared an Arrest Report and Complaint-Warrant.[1] (See Mireles Cert., Ex. N). Plaintiff was subsequently arrested and charged with Aggravated Arson in the 2nd degree and Theft by Deception in the 3rd degree. The charges against Plaintiff were dismissed by Essex County Prosecutor's Office on November 5, 2003. (See Mireles Cert., Ex. R). According to the dismissal notice, dismissal was recommended:

> [B]ecause the State would have difficulty carrying its burden of proof at trial. The car is not transponder equipped so it can not be established that no other key existed, despite defendant's assertions that he had the only key. The defendant will likely have many alibi witnesses to establish that he left his car in Florida and traveled to New York and, therefore, could not have been present in Florida when the car was stolen. We have no witnesses or evidence to establish otherwise.

(Mireles Cert., Ex. R).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). The moving party bears the burden of showing that there is no genuine issue of fact and it must prevail as a matter of law, or that the non-moving party has not shown facts relating to an essential element of the issue for which he bears the burden. Celotex, 477 U.S. at 331. If either showing is made then the burden shifts to

---

[1] Plaintiff disputes the fact that Detective Irizarry received authorization from Assistant Prosecutor Brian Kapalin to arrest the Plaintiff. Defendants submitted a Certification of Brian Kapalin, Esq. with their reply papers, wherein Mr. Kapalin attests to the fact that he authorized the arrest. As a result, Plaintiff has requested permission to file a sur-reply on the basis that because Mr. Kapalin's statements were not part of the original moving papers, he was denied the opportunity to properly respond. The Court agrees that Plaintiff should be allowed to respond to Mr. Kapalin's Certification, and therefore will allow and consider those portions of Plaintiff's sur-reply that respond to Mr. Kapalin's Certification.

the non-moving party, who must demonstrate facts which support each element for which he bears the burden and must establish the existence of genuine issues of material fact. Id. The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, Fed.R.Civ.P. 56(e), but must produce sufficient evidence to support a jury verdict in his favor. Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

### III. ANALYSIS

Defendants raise three main arguments in their motion for summary judgment. First, it is their position that Plaintiff's First Cause of Action should be dismissed because probable cause existed to arrest Plaintiff. Second, Defendants argue Count II should be dismissed for failure to state the elements of malicious prosecution. Third, Defendants argue they are entitled to summary judgment on Count III for failure to demonstrate a municipal policy of false arrest or imprisonment. The Court will examine each of these arguments in turn.

As a preliminary matter, the Court notes that in its reply brief, Defendants blatantly ignored motion practice rules and raised arguments it failed to raise in its moving papers. See Dana Transport, Inc. v. Ableco Finance, LLC , 2005 WL 2000152, *6 (D.N.J. 2005). As such, the Court reminds Defendants that the purpose of a reply brief is to respond to the opposition brief or explain a position that the respondent has refuted. Elizabethtown Water Co. v. Hartford Casualty Ins. Co., 998 F.Supp. 447, 458 (D.N.J.1998). Because the local rules do not permit sur-reply briefs, the non-moving party cannot respond to newly minted arguments contained in reply briefs. Bayer AG & Bayer Corp. v. Schein Pharm., 129 F.Supp.2d 705, 716 (D.N.J.2001), aff'd

301 F.3d 1306 (3d Cir.2002).  Therefore, the argument[2] raised for the first time in defendant's reply brief will be disregarded for purposes of this motion.

**A. 42 U.S.C. § 1983**

Plaintiff invokes the jurisdiction of this Court pursuant to 42 U.S.C. §1983 which provides:

> Every person who, under the color of state law ... subjects or causes to be subjected a citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States committed by a person or persons 'acting under color of State law.'" Jordan v. New Jersey Dep't of Corr., 881 F.Supp 947, 950-51 (quoting West v. Atkins, 487 U.S. 42, 48 (1988));  Furthermore, Section 1983 does not confer substantive rights, but provides a remedy for the deprivation of rights protected by federal law. Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); see also Sameric Corp. of Delaware, Inc. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998).

*Municipal Liability*

The Supreme Court of the United States addressed the issue of municipal liability in Monell v. Department of Social Services of the City of New York, 436 U.S. 658; 98 S.Ct. 2018 (1978).  Under Monell, municipalities are considered persons subject to liability under Section 1983 for violations of civil rights caused by municipal officials.  See id. at 690, n.4.  However, a

---

[2] In their reply brief, Defendants made the novel argument that Plaintiff's claim for pain and suffering as a result of the alleged false arrest and false imprisonment are barred because of Plaintiff's conceded lack of medical treatment.  (See Defs. Reply Brief at 7).

5

municipality can not be considered liable *solely* because it employs a tortfeasor- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory. Id. at 694. Thus, under Monell,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employee or agents. Instead it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983.

Id. The Court further articulated that local governments "may be sued for constitutional deprivations visited pursuant to government 'custom' even though such a custom has not received formal approval through the body's official decision making channels." Id. at 694. Notably, Congress included the term custom in 28 U.S.C. § 1983 "because of the persistent and widespread discriminatory practices of state officials...Although not authorized by written law, such practices of state officials could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." Id. at 691 (quoting Aidekes v. H.S. Cress & Co., 398 U.S. 144 (1970)).

Thus, a litigant seeking to impose liability on a municipality under § 1983 must prove that such a custom or policy caused the constitutional violation at issue in order to obtain a judgment against a municipality. See City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985); Natale v. Camden County Correctional Facility, 318 F.3d 575 (3d Cir.2003). To sustain a Section 1983 claim against a municipality, "at the very least, there must be an affirmative link between the policy [or custom] and the particular violation alleged." Id. at 823.

Plaintiff alleges that the City of Newark has a policy, practice or custom of unlawfully and maliciously arresting and imprisoning citizens, and failing to train, instruct or supervise

Defendants Detective Irizarry and Detective Hunt in the correct procedure for making an arrest. However, none of the facts alleged support the inference that the City of Newark has such a policy or custom. In this case, there is no genuine issue of material fact relating to a custom or practice causing a violation of Plaintiff's rights. The only argument proferred by Plaintiff is the conclusory allegation in his Complaint that the "pursuant to official policy, practice or custom, defendant City of Newark intentionally...failed to instruct, train and supervise defendant detectives Irizarry and Hunt...in the correct procedure for making an arrest." Rather, the Essex County Prosecutor's Office issued a February 5, 1999 memorandum specifically outlining the policy and procedure for arson investigations and prosecutions. (See Mireles Cert., Ex. Q). As such, the Court will grant summary judgment on Plaintiff's Third Cause of Action against Defendant City of Newark and Fire Department of the City of Newark.

*Detective Irizarry*

In analyzing a Section 1983 claim, a Court must first identify the specific constitutional right allegedly violated. Graham v. Connor, 490 U.S. 386, 394 (1989). Here, Plaintiff alleges that Detective Irizarry violated the constitutional rights guaranteed to him under the Fourth, Fifth, Sixth, and Fourteenth Amendments. The Court finds that issues of material fact exist as to whether Detective Irizarry violated Plaintiff's constitutional rights. As such, summary judgment is not appropriate. Additionally, Detective Irizarry argues that he is entitled to qualified immunity. However, because qualified immunity depends on the reasonableness of the Defendants' actions, and because the reasonableness of the Defendants actions remain in dispute, summary judgment on the grounds of qualified immunity must be denied.

*Detective Hunt*

Defendant Hunt argues that "it cannot be disputed that Detective Hunt had absolutely no role in the investigation, arrest and prosecution of [Plaintiff]." This Court agrees. There is an obvious lack of evidence relating at all to Detective Hunt. As such, Plaintiff's claims against Detective Hunt on all Counts must be dismissed

**B. False Arrest and False Imprisonment**

Plaintiff's First Cause of Action alleges that the arrest, detention and imprisonment by Defendants of Plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing said Plaintiff's arrest or subsequent detention. (Comp. ¶29.) Defendants aver summary judgment is warranted because the undisputed facts support a finding the arrest was based on probable cause.

"The Fourth Amendment prohibits arrests without probable cause." Berg v. County of Allegheny, 219 F.3d 261, 269 (3d Cir. 2000). Probable cause exists when the facts and circumstances known to arresting officers at the time of the arrest are such that a reasonable person would believe that the offense has been or is being committed by the person being arrested. Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir.2000) (citations omitted). Probable cause requires that the arresting officer have more than a mere suspicion that the person being arrested committed the offense, but does not require the officer to have evidence that would prove the suspect was guilty beyond a reasonable doubt. Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995). If a police officer arrests a person without probable cause, the officer may be liable in a civil rights suit for damages. Pierson v. Ray, 386 U.S. 547 (1967).

The Court has reviewed all of the facts not in dispute. Although the Court finds that

8

certain facts alleged by Defendants would weigh in favor of a finding of probable cause, such as the fact that Plaintiff was in New York at the same time the car was found in Newark, and Plaintiff's claim to have locked his car in Florida with the only key, the Court is mindful that mere suspicion is not enough.  Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).  Importantly, the material facts surrounding Plaintiff's interrogation and the subsequent authorization for his arrest are heavily disputed.  As such, the Court finds that on the record thus far developed, reasonable minds could differ as to whether Defendants had probable cause to arrest Plaintiff based on the information which was then available to them.  Thus, Defendants' motion for summary judgment on Plaintiff's First Cause of Action must be denied.

**B. Malicious Prosecution**

To prevail on a malicious prosecution claim, "plaintiff must establish that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice; and (4) the proceedings terminated in favor of the plaintiff..."  Failure to prove any one of these four elements denies the plaintiff a cause of action for malicious prosecution.  Trabal v. Wells Fargo Armored Service Corp., 269 F.3d 243, 248 (3rd Cir. 2001).

The Court accepts that the Plaintiff has met the first and fourth element of a claim for malicious prosecution, namely, institution of criminal proceedings which terminated in favor the Plaintiff.  Specifically, Plaintiff was arrested and charged with attempted arson and theft by deception on January 4, 2002, and those charges were dismissed by motion of the prosecutor on November 17, 2003.  With respect to element two, this Court found above that at this point a determination cannot be made as to whether probable cause existed for the arrest of the Plaintiff.

The fourth element of a claim for malicious prosecution requires Plaintiff to establish

defendant acted with legal malice. Although "[l]egal malice is not limited to the motives of hatred or ill will," Plaintiff must at least show that Defendants' conduct was reckless and oppressive in disregard of Plaintiff's rights. See Lippay v. Christos, 996 F.2d 1490, 1503 (3d Cir. 1993). The Third Circuit has defined recklessness "as conduct that 'evince [s] disregard of, or indifference to, consequences, under circumstances involving danger to life or safety to others, although no harm was intended, or a state of mind that' either pays no regard to its probable or possible injurious consequences, or which though foreseeing such consequences, persists in spite of such knowledge." Simmons v. Philadelphia, 947 F.2d 1042, 1091 (3d Cir.1991) (citing Black's Law Dictionary 1142-43 (5th ed.1979)).

In this case, the undisputed facts indicate Detective Irizarry prepared an Arrest Report and Complaint -Warrant after speaking with an Assistant Essex County Prosecutor. Furthermore, Plaintiff has not alleged any facts that support the finding that Detective Irizarry was reckless or oppressive in disregard of Plaintiff's rights. However, the Court is mindful that a lack of probable cause is a *sine qua non* of malicious prosecution. Trabal, 269 F.3d at 249. Thus, because the Court has found, above, that it cannot make a determination of the existence of probable cause as a matter of law, it is not appropriate to make a determination on the issue of malicious prosecution at this time. As such, summary judgment must be denied as to Plaintiff's malicious prosecution claims.

## IV. CONCLUSION

In light of the above, Defendants' motion for summary judgment is **denied** in part **granted** in part.

    S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:    March 6, 2006
Original: Clerk's Office